# CORRECTED



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

FEB 2 1970

PATRICIA D. HOWARD
CLERK OF THE PANEL

[MU]LTIDISTRICT LITIGATION INVOLVING  )
[BU]TTERFIELD PATENT INFRINGEMENT     )    DOCKET NO. 29

OPINION AND ORDER

---

[BE]FORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
[ED]WARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, AND
[ST]ANLEY A. WEIGEL, JUDGES OF THE PANEL

---

[JO]SEPH S. LORD, III, JUDGE OF THE PANEL

This litigation involves the Butterfield Patent
[No]. 2,544,246. There are presently pending 41 actions
[se]eking damages for infringement in 19 different districts
[an]d plaintiff has moved under Title 28 U.S.C. Section 1407
[fo]r transfer and consolidation of pretrial proceedings. There
[se]ems to be little doubt that several questions of fact are
[co]mmon to all the lawsuits. The issues of the scope of
[th]e patent, and its validity, including questions of obviousness,
[in]vention, prior art and commercial success are undoubtedly
[co]mmon to all cases. Additionally, it appears that since
[pl]aintiff waited for eight years and over a year after the
[ex]piration of the patent to bring suit, the question of laches
[wi]ll be a common question. Finally, questions relating to

notice of infringement as required by Title 35 U.S.C. Section 287 will be common. We have concluded that these are "actions involving one or more common questions of fact" within the requirement of Section 1407.

Those defendants resisting transfer[1] do so on one or more of several grounds. All argue that the question of infringement will be peculiar to each defendant and it seems likely that this is so. If it is, the transferee judge can of course separate this issue from the consolidated pretrial proceedings and leave it for local handling. Some argument is made that it would be inconvenient for defendants to travel to a forum other than their own to submit to depositions by plaintiff. This argument, however, has no real force, since if serious inconvenience becomes apparent, the transferee judge has it within his power to order the taking of depositions of defendants' personnel in their own locality.

The most serious argument made by many defendants is that they are small businesses, their volume is small and the recoverable damages so comparatively minor that transfer and consolidation would force on them a disproportionate financial burden. We think, however, that this fear is more fanciful than real. Experience has shown that where, as here, common questions of fact exist in a large number of cases,

---

[1] All defendants appearing at argument oppose transfer, but not all defendants appeared.

it is not only expedient, but less expensive for each individual defendant to join in the selection of lead counsel to handle the consolidated discovery depositions. Thus, all defendants receive the benefit of the consolidated depositions without the necessity of engaging individual local counsel in the transferee court and without the necessity of extensive travel by their own local counsel.

Aside from the undeniable existence of common questions of fact, there is another compelling reason for transfer and consolidation. It seems clear that "pretrial proceedings" include the power of the transferee judge to grant motions for summary judgment. See H.R. Report No. 1130, accompanying S.159; and cf. In Re Plumbing Fixture Cases, 298 F. Supp. 484 (JPML, 1968); In Re Postage Regulation Litigation, 298 F. Supp. 1326 (JPML, 1969). Here, if discovery on the issues of validity, scope, statutory notice or laches reveals no dispute of any material fact, disposition of the litigation by summary judgment may be appropriate. We of course intimate no opinion on the merits of any such motions. Nevertheless, the possibility of summary disposition certainly lurks in the background. If the litigation is transferred, the result on any such motion would be the same for all parties and thus transfer would be "an appropriate means of avoiding injury to like parties caused by inconsistent judicial treatment." In Re Postage Regulation Litigation, 298 F. Supp. 1326 (JPML, 1969). On balance, and considering all the factors involved,

we are convinced that transfer and consolidation of pretrial proceedings will promote the just and efficient conduct of these actions.

The plaintiff originally sought transfer to the Northern District of California, but suggested at argument that the transferee court should be on the East Coast. However, there are four cases presently pending in the Northern District of Illinois and already assigned to the Honorable Hubert Will. We have no doubt that he is familiar with the litigation and its needs. We are advised that his docket is relatively current and that he is willing to accept the transfer of these cases. Since Chicago is geopraphically central, we think the convenience of the parties will best be served by transfer to Judge Will in the Northern District of Illinois.

There are three related actions in the Central District of California which are not included on Schedule A.[2/] Pretrial proceedings in those three cases has progressed to such a point that transfer at this time might not result in the promotion of their just and efficient conduct. They are therefore *excluded* from this order of transfer. In Re Grain Shipment Cases, 300 F. Supp. 1402, 1405 (JPML, 1969); In re Protection Device Cases, 295 F. Supp. 39, 40 (JPML 1968).

IT IS THEREFORE ORDERED that the actions listed on Schedule A pending in other districts be and the same are hereby transferred to the United States District Court for the Northern

---

[2/] *Butterfield v. Obrig Distributors,* CA No. 69-871-FW; *Butterfield v. Calcon Lab.,* CA No. 69-958-FW; *Butterfield Danker & Wohlk Associates,* CA No. 69-997-FW.

District of Illinois and with the consent of that court these actions are assigned to the Honorable Hubert L. Will for coordinated or consolidated pretrial proceedings under 28 U.S.C. Section 1407.

DOCKET NO. 29    **CORRECTED**    SCHEDULE A

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| George H. Butterfield, Sr. v. San Diego Contact Lens Laboratory, Inc. | Civil Action No. 69-126-S |

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| George H. Butterfield, Sr. v. Ocular Products, Inc. | Civil Action No. 69 Civ 1147 |
| George H. Butterfield, Sr. v. Danker & Wohlk, Inc. | Civil Action No. 69 Civ 1255 |
| George H. Butterfield, Sr. v. Mastercraft Contact Lens Labs, Inc. | Civil Action No. 69 Civ 1256 |

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| George H. Butterfield, Sr. v. Para Lens, Inc. | Civil Action No. 69 Civ. 4003 |
| George H. Butterfield, Sr. v. Precision Contact Lens Laboratories, Inc. | Civil Action No. 69 Civ 4019 |
| George H. Butterfield, Sr. v. Optimum Contact Lenses, Inc. | Civil Action No. 69 Civ 4020 |
| George H. Butterfield, Sr. v. 5 Continents Contact Lens, Inc. | Civil Action No. 69 Civ 4474 |
| George H. Butterfield, Sr. v. Vent Air Contact Lens Laboratories | Civil Action No. 69 Civ 4471 |
| George H. Butterfield, Sr. v. United Contact Lens Corp. | Civil Action No. 69 Civ 4472 |
| George H. Butterfield, Sr. v. Full Sight Contact Lens Corp. | Civil Action No. 69 Civ 4473 |

## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| George H. Butterfield, Sr. v. Dal-Tex Optical Co. | Civil Action No. CA-3-3331-B |

DOCKET NO. 29 — - 2 - — SCHEDULE A

### WESTERN DISTRICT OF TEXAS

George H. Butterfield, Sr. v. Contour Comfort Contact Lens, Inc. — Civil Action No. W-69-CA-48

### SOUTHERN DISTRICT OF OHIO

George H. Butterfield, Sr. v. Carskadden Optical Co., Inc. — Civil Action No. 69-270

### MIDDLE DISTRICT OF PENNSYLVANIA

George H. Butterfield, Sr. v. Morrison Laboratories, Inc. — Civil Action No. 69-339

### WESTERN DISTRICT OF PENNSYLVANIA

George H. Butterfield, Sr. v. Erie Contact Lens Laboratory, Inc. — Civil Action No. CA 98-69-Erie

### DISTRICT OF MASSACHUSETTS

George H. Butterfield, Sr. v. Young Contact Lens Laboratories, Inc. — Civil Action No. 69-969-M

George H. Butterfield, Sr. v. Custom Contact Lens Lab Inc. — Civil Action No. 69-1118-M

George H. Butterfield, Sr. v. Quality Optics, Inc. — Civil Action No. 69-1119-M

### NORTHERN DISTRICT OF GEORGIA

George H. Butterfield, Sr. v. Quality Optics, Inc. — Civil Action No. 13099

DOCKET NO. 29        - 3 -        SCHEDULE A

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| George H. Butterfield, Sr. v. Oculus Contact Lens Co., Inc. | Civil Action No. 69 C 1812 |
| George H. Butterfield, Sr. v. Contact Lens Service, Inc. | Civil Action No. 69 C 2184 |
| George H. Butterfield, Sr. v. Custom Contact Lens Laboratories, Inc. | Civil Action No. 69 C 2186 |
| George H. Butterfield, Sr. v. Fused Kontacts of Chicago, Inc. | Civil Action No. 69 C 2185 |

### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| George H. Butterfield, Sr. v. Custom Laboratories, Inc. | Civil Action No. 33380 |

### WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| George H. Butterfield, Sr. v. SCL Laboratories, Inc. | Civil Action No. 6376 |

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| George H. Butterfield, Sr. v. Custom Contact Lens Laboratories, Inc. | Civil Action No. 69-2346 |

### DISTRICT OF NEBRASKA

| | |
|---|---|
| George H. Butterfield, Sr. v. Precision Optics, Inc. | Civil Action No. 03403 |
| George H. Butterfield, Sr. v. Rite-Style Optical Co., Inc. | Civil Action No. 03404 |

### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| George H. Butterfield, Sr. v. Professional Research Contact Lens, Inc. | Civil Action No. Civ-69-449 |

DOCKET NO. 29        - 4 -        SCHEDULE A

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| George H. Butterfield, Sr. v. Peninsula Optical | Civil Action No. 8607 |

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| George H. Butterfield, Sr. v. Pace Optical Co., Inc. | Civil Action No. C69-18 GSL |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 10 1970

PATRICIA D. HOWARD
CLERK OF THE PANEL

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



,TIDISTRICT LITIGATION INVOLVING     )
'TERFIELD PATENT INFRINGEMENT        )     DOCKET NO. 29

DISSENTING OPINION

ORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
'ARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S.
D, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

NLEY A. WEIGEL, JUDGE OF THE PANEL, DISSENTING:

I respectfully dissent.

The jurisdiction of the Panel is properly invoked in this
·ceeding because the cases included <u>are</u> civil actions (1) pending
different districts and (2) involving one or more common
stions of fact.[1]   28 U.S.C. § 1407.

The presence or absence of these jurisdictional requirements
nearly always readily determinable. The more difficult task
the Panel is to determine whether or not transfers of actions
coordinated or consolidated pretrial proceedings "will be for
convenience of parties and witnesses and will promote the

---

[1] There are 41 cases pending in 19 widely scattered United
tes District Courts.

just and efficient conduct of such actions." Id. In this proceeding, the record presented to us indicates that transfer will serve neither convenience nor justice nor efficiency.

To begin with, the important questions of fact which are common to all the cases are outnumbered by those which are not. The validity of the Butterfield patent presents common factual questions and so does one aspect of the matter of notice of infringement.[2/] All other important factual questions require separate examination into the respective activities of each of the defendants in the 41 actions.

Turning now to the specifics supporting that conclusion:

The majority opinion is correct in suggesting that laches will be a common question in the actions. But it will be a common question of law or equity, not of fact. The facts relating to laches will vary from defendant to defendant because the defense of laches always turns upon the facts individually relevant. For example, in one case before us, the defendant alleges that he has been notoriously producing the lens in question for eight years while, in other cases, it is clear that the defendants are newer to the field. Moreover, laches is not available as a defense unless the defendant urging it shows that the delay of the plaintiff has caused detriment to

---

2/ See infra at _____.

that defendant. This question is necessarily unique to each defendant claiming laches.

The majority opinion also errs to the extent it suggests that notice of infringement will be a significant question of fact for common discovery. Unless the plaintiff marked his claimed invention or its container with the word "patent" and with the patent number, the exact opposite is true.[3/] If such mark is absent, then, to recover for infringement, the patentee must prove actual notice to the particular defendant. 35 U.S.C. § 287. The adequacy of the marking is a simple factual question which _is_ common to all the cases. But it is one which will require little discovery. If, however, the marking is inadequate, then the plaintiff will have to prove that he gave notice to each of the defendants in the 41 actions and that each continued thereafter to infringe. That actual notice question will require pretrial discovery of facts unique to each case and common to none.

Finally, the majority opinion fails to recognize that the issue of the scope of the patent involves common questions of fact only in a minor respect. The abstract definition of the scope of the Butterfield patent is, of course, an element common

---

3/ Although plaintiff alleges proper marking in his pleadings, he also alleges actual notice. In a deposition taken by defendant John H. Rottmann, plaintiff seems to admit that he has never taken steps to enforce patent marking by his licensees.

to all the cases.[4]/ But extrapolation of that definition involves little or no pretrial inquiry. On the other hand, the effective scope of the patent, as opposed to its abstract definition, can be determined solely in concrete cases by measuring each of the defendants' lenses, one by one, against the Butterfield patent. Thus the scope of the patent will be meaningfully determined only by decisions on the issue central to each case -- infringement. And infringement does not involve common questions of fact. To prove infringement, the plaintiff will have to establish in each case that the lens made by the defendant is of a particular configuration and fits on the wearer's cornea in a particular manner.

In sum, then, there are, at most, two issues involving common questions of fact in these 41 actions. One of the two, insofar as it may be common, is factually trivial and will require very little discovery. In contrast, at least three major issues raise complex questions requiring discovery of facts unique to each case.

In the light of the foregoing, can it be said that the statutory criteria for transfer -- convenience of parties and witnesses, efficiency, and justice -- are satisfied?

---

4/ In the prosecution of the Butterfield patent, No. 2,544,246, its scope has been generally limited to a contact lens whose interior side conforms to the curvature of the wearer's cornea.

4.

The first and second statutory criteria -- convenience of parties and of witnesses -- may be discussed together. In this proceeding, all responding defendants oppose transfer. Only the plaintiff Butterfield supports it. One reason the defendants oppose transfer is clear. They believe that it will substantially increase the costs to them and greatly decrease costs to plaintiff. Plaintiff has brought the actions here involved against 41 widely scattered optometrists and contact lens manufacturers. He indicates an intention to bring hundreds of such actions. Only four of the presently filed suits were brought in Chicago, the transferee district. Thus, more than 90% of these small defendants, scattered from Massachusetts to California, will be forced to conduct pretrial in a forum in which they were not and probably could not have been sued. To suggest that they can employ lead counsel is only to say that they can adopt what may be the least inexpensive mode of dealing with this extra burden.5/

The extent of the inconvenience to the defendants and their witnesses will turn, in large part, on the range of discovery conducted in the transferee court. Since all the records and witnesses relevant to the question of infringement will be in the areas in which the defendants' respective businesses are

---

5/ The unqualified statement in the majority opinion on the benefits of employing lead counsel may impel some litigants before the Panel to retain counsel they otherwise would not select.

5.

located, it would appear that discovery on this issue should be conducted in the transferor districts. It is hardly an answer to say that such discovery may be remanded. The burden will be on the defendants to move the Panel for such remand. Such motions and decisions upon them add to complication, not efficiency. Moreover, if such motions should be denied, the burdens on the defendants of producing for consolidated discovery will be very heavy, indeed. The majority does note that the transferee judge may make orders to protect the defendants, but, once again, the burden is on the defendants to secure such orders.

The defendants are engaged in small optical businesses. The individual damage claims against most of them are relatively small. To increase, by transfer for pretrial, the defendants' litigation costs will be to impose substantial pressure on them to settle even if their position on the merits seems stronger than that of the plaintiff.

For all these reasons, transfer will impose great inconvenience on the many defendants and their witnesses. Convenience to the single plaintiff does not justify the inconveniences, indeed, hardships, to the defendants.

Section 1407 further provides that transfer should promote efficiency. Transfer necessarily imposes extra burdens of paper

6.

and clerical work on court clerks and others. An outline of the procedural steps involved in transfers makes this abundantly clear.

> The Manual for Clerks circulated by the Panel indicates that the most efficient procedure would be as follows: Upon receiving the Panel's order of transfer, the clerk of the transferee court transmits a certified copy thereof to the clerks of the transferor courts. After receiving and filing this order, each transferor clerk makes an appropriate entry on the docket sheet of each affected case and then forwards to the transferee court the files, records, and a copy of the docket sheet of each transferred case.
>
> The transferee clerk usually maintains a master docket sheet for all transferred cases, individual docket sheets for each such case and a complete combined pretrial file for each transferor court. Thereafter, copies of all motions, depositions, exhibits, and other pretrial papers are included in each combined district file. Notices, orders and pleadings must be served on all counsel for all parties, unless alternative arrangements can be agreed upon.
>
> Motions for remand may be initiated by any party, the transferor or transferee courts or the Panel. Only the Panel has the power to order a remand. Hearings may be necessary. Orders of remands must be transmitted to each transferor court by the transferee court and appropriate entries must be made on all the aforementioned docket sheets. The individual case file, a docket sheet for each remanded case, a copy of the master docket sheet and the combined district file must then be transmitted back to the appropriate district court. If some but not all of the cases from a specific district are remanded, then copies of all subsequent motions, orders and other filings must be sent to the transferor court for inclusion in the combined district file. In re Concrete Pipe, 302 F. Supp. 244, 254-5, n.1 (1969).

7.

In this proceeding, a total of 37 cases must be transferred to the Northern District of Illinois from 18 different district courts. Just the routine costs of the paperwork and record-keeping involved in consolidation will be great.

Because of the clerical costs of transfer, because of the paucity of common questions of fact, and because of the likelihood that the parties will have to make and the Panel hear remand motions, transfers are hardly likely to promote efficiency.

The last question is whether transfer will promote justice. In this regard, the majority opinion places great weight on the possibility that a motion for summary judgment by defendants could terminate the litigation.[6/] To the extent that the majority opinion relies upon that possibility, it treads dangerously close to making an assessment on the merits. Such an assessment would transcend the limited powers vested in the Panel by Congress. Those powers relate solely to the transfer and remand of actions consolidated for pretrial proceedings. 28 U.S.C. § 1407. The statute will be searched in vain for any provision empowering the Panel to adjudicate upon the merits. That power of adjudication remains in the appropriate United States courts.

In any event, posed against the justice which may result if summary judgment is eventually granted is the injustice of

---

6/ At least three Butterfield patent cases have already completed pretrial and will go to trial soon. It appears that summary judgment has not been granted in any of them.

8.

the adversary advantage given plaintiff by transfer. In fact, this advantage may attend plaintiff even if summary judgment may result since most of the pretrial preparation would very likely have to be completed before consideration of such a motion.

Moreover, the virtue of consolidation in possibly ensuring uniform decisions is likely to be achieved without consolidation. The first decision or decisions reached in these cases, if they are based on common issues, would have persuasive authority in the other cases.

Transfer here, then, is likely not to be convenient nor efficient nor just. It appears to reward a plaintiff whose case is assessed as being weak. And it may well encourage institution of frivolous suits by plaintiffs exploiting Section 1407 transfers to force nuisance value settlements.

9.

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 15 1970

PATRICIA D. HOWARD
CLERK OF THE PANEL

MULTIDISTRICT LITIGATION INVOLVING )
BUTTERFIELD PATENT INFRINGEMENT   )

DOCKET NO. 29

DISSENTING OPINION



BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

EDWARD WEINFELD, JUDGE OF THE PANEL (dissenting and concurring in the dissent of Judge Weigel):

The multiplicity of suits brought against various defendants to recover relatively small damages based upon a patent which has already expired and the delay of eight years suggest harassment and a hope that the heavy expense of defending the actions will lead the defendants to settle rather than to fight. There is much substance to the defendants' contentions of excessive inconvenience and burdensome financial expense, and also that infringement is peculiar in the instance of each defendant. While it is true that some issues, such as the scope of the patent and its validity, are common in all cases, this is not so as to other issues. In my view, it would not, under the circumstances here presented, promote the just and efficient conduct of these particular actions to transfer them to one district for consolidation and coordinated pretrial proceedings.